IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANA L. SHEARIN AND § | |
| CHRISTOPHER M. SHEARIN, § | |
| § | |
| Plaintiffs, § | |
| v. § | Case No. 4:14CV723 |
| WELLS FARGO BANK, N.A., et al. § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiffs' Corrected Motion to Remand (Dkt. 14). Having considered the parties' briefing and the record before the Court, the Court finds that the motion should be DENIED.

Plaintiffs Dana L. Shearin and Christopher M. Shearin filed their Original Petition in state court on October 6, 2014. Plaintiffs named the following as Defendants: Wells Fargo Bank, N.A., Bank of America, NA, BAC Home Loans Servicing, L.P., Wilshire Credit Corporation, First Franklin Financial Corporation, First Franklin, a Division of National City Bank of Indiana, N.A,,The MHMI Trust Series 2-5-FFHI, Mackie Wolf & Zientz, P.C., Wes Webb, Michael W. Zientz, L. Keller Mackie, Carl Niendorff, Ron Bedford, and AVT Title Services. Dkt. 2 at ¶¶ 1-11. In addition to challenging Defendants' authority and standing to foreclose, Plaintiffs bring claims for breach of contract, anticipatory breach of contract, violations of the Texas Consumer Credit Code/Debt Collection Practices Act, breach of tort of unreasonable collection efforts, and quiet title. Plaintiffs also seek declaratory judgment and an accounting. *See* Dkt. 2 at ¶¶ 29-Z.38.

1

On November 13, 2014, Defendant Wells Fargo, N.A. removed the case to this Court, on the basis of diversity jurisdiction. On December 16, 2014, Plaintiffs filed their motion to remand arguing that this case should be remanded back to state court because they properly joined as Defendants Mackie, Wolf & Zientz, PC, Wes Webb, Michael W. Zientz, L. Keller Mackie, Carl Niendorff, Ron Bedford and AVT Title Services. These Defendants ("the Texas Defendants") are all Texas citizens. In its notice of removal, Defendant argued that the Texas Defendants were improperly joined and that their citizenship should be disregarded for jurisdictional purposes.

## STANDARD

A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. §1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). In this case, Defendant Wells Fargo removed on the basis of diversity jurisdiction. Suits are removed on the basis of diversity jurisdiction "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

"To establish that a non-diverse defendant has been improperly joined, the removing party must prove (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiffs' inability to establish a cause of action against the non-diverse party in state court." *Rico v. Flores*, 481 F.3d 234, 238-39 (5th Cir. 2007); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006). The second prong only is at issue here, and its test is "'whether the defendant has demonstrated that there is no

possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Rico*, 481 F.3d at 239. This Court must decide whether "there is any reasonable basis for predicting that [Plaintiffs] might be able to establish [Defendants'] liability on the pleaded claims in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). In that determination, this court is also required to resolve any issues of material fact or ambiguity in the state law in the Plaintiffs' favor. *Rico,* 481 F.3d at 239.

As explained by the Fifth Circuit:

> To determine such possibility of state-court recovery, a court may analyze the sufficiency of a plaintiff's pleadings alone; or, in its discretion, pierce the pleadings and conduct a summary inquiry. The focus is on plaintiff's pleadings at the time of removal; post-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded.

*Akerblom v. Ezra Holdings Ltd.*, 509 Fed. App'x 340, 344-45 (5th Cir. 2013) (internal citations and quotations omitted). The petition as filed in state court controls a court's inquiry. *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999) (stating that the court must determine if there could possibly be liability "on the pleaded claims in state court.").

**ANALYSIS**

This suit involves an apparent foreclosure on Plaintiffs' property. Although many of Plaintiffs' allegations in the more than 70-page complaint are rather convoluted, repetitive and confusing, they appear to challenge various Defendants' actions regarding the foreclosure – or

attempted foreclosure – on their property located at 3920 Pilot Drive, Plano, Texas. In evaluating Defendants' claims that the Texas Defendants were fraudulently joined to defeat jurisdiction here, the Court thus reviews the state court petition for the claims made against those Defendants.

Critically, the Court notes that in the "Causes of Action" portion of Plaintiffs' petition, the Court can identify only one instance where a Texas Defendant, Mackie Wolf, is referred to by name and even then no clear cause of action is alleged against that Defendant; rather, Plaintiffs allege there was a conflict of interest between creditors and investors who jointly employed Mackie Wolf. *See* Dkt. 2 at 58. Plaintiffs do not allege any wrongdoing by Mackie Wolf in this regard.

As to the remainder of the "Causes of Action," Plaintiffs generally refer to Defendants as "BAC/Wells Fargo/FFFC/First Franklin/Wilshire Credit, etc., et. al." No Texas Defendant is named specifically, and the reference to "etc., et al." is insufficient to state a claim against the non-diverse Defendants.

More importantly, no facts are stated specifically as to any of the Texas Defendants which would, if taken as true and viewed in a light most favorable to Plaintiffs, state any theories of recovery against them. In the portions of their complaint identifying the parties and describing the factual background to their allegations, Plaintiffs do make some reference to some of the Texas Defendants, arguing that they were "robo-signers" or otherwise challenged their authority to foreclose. The Fifth Circuit has consistently rejected based on the arguments asserted by Plaintiffs as to the Texas Defendants. *See, e.g., Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 723 (5th Cir. 2013); *Reinagel*

*v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220 (5th Cir. 2013). Having reviewed the state court pleading in a light most favorable to Plaintiffs, the Court finds that Plaintiffs' complaint does not set forth facts that would show the reasonable possibility of imposing liability against the Texas Defendants. *Smallwood,* 385 F.3d 568, 573 n. 9 (5th Cir. 2004); *Great Plains Trust Co. v. Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

Because there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against the non-diverse Defendants, the Court finds that Defendants have sustained their burden in showing that the Texas Defendants were fraudulently joined. Removal was proper, and the claims against the Texas Defendants should be dismissed.

### RECOMMENDATION

Because the Court finds that there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against the non-diverse Defendants and that they were fraudulently joined, the Court finds that Plaintiffs' Corrected Motion to Remand (Dkt. 14) should be DENIED and the claims against the Texas Defendants should be dismissed.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

**SIGNED this 18th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).